UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES OF AMERICA,

                                           **MEMORANDUM & ORDER**
             v.                                             90-CR-424 (MKB)

VINCENT GIATTINO,

                     Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      On November 5, 1992, a jury convicted Defendant Vincent Giattino on eight counts, which included racketeering, conspiring to commit two murders subject to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C § 1961 *et seq.*, committing two RICO murders, conspiring to distribute cocaine, distributing cocaine, and using a firearm with a silencer, (J. of Conviction 1, Docket Entry No. 270; Presentence Investigation Report ("PSR") ¶ 1, Docket Entry No. 716), and on February 26, 1993, Judge Reena Raggi sentenced Giattino to five concurrent life sentences, two ten-year terms of imprisonment to run concurrent with the life sentences, and one thirty-year term to run consecutive to the other counts to be followed by twenty-three years of supervised release, and ordered Giattino to pay a $200,000 fine, (J. of Conviction 2–3, 5; Sentencing Hr'g Tr. dated Feb. 26, 1993 ("Sentencing Tr.") 73:15–74:7, 74:21–23, Docket Entry Nos. 295, 710).

      On September 2, 2020, Giattino filed a motion for compassionate release seeking a modification of his sentence, immediate release to home confinement, and supervised release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (First Mot. for Compassionate Release, Docket Entry No. 711.) By Order dated November 19, 2020, the Court denied Giattino's motion. (Mem. and

Order dated Nov. 19, 2020 (the "November 2020 Order"), Docket Entry No. 723.) On February 14, 2022, Giattino renewed his motion, seeking immediate release or reduction of his sentence.[1] In support, Giattino argues that his "declining health" and resulting heightened vulnerability to COVID-19, his rehabilitation during incarceration, and his strong relationship with his family warrant modification of his sentence and his release. (Def.'s Mot. 1–3.) Giattino also argues that compared to "similarly situated defendants," including his co-defendants, he received a much higher sentence and faced a "trial penalty" compared to the ten-year sentence that he would have received through the Government's plea offer prior to his trial. (*Id.* at 7.) The government opposes the motion on substantive grounds, arguing that the Court should deny the motion because Giattino fails to demonstrate "an extraordinary and compelling reason for release," (Gov't's Opp'n to Def.'s Mot. ("Gov't's Opp'n") 3–7, Docket Entry No. 730), and because the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of Giattino's continued incarceration, (*id.* at 7–10).

For the reasons discussed below, the Court denies Giattino's motion for compassionate release.

I. Background

    a. Investigation, conviction, and sentencing

On July 29, 1991, agents of the Federal Bureau of Investigation arrested Giattino, who was found in possession of false identification documents with the name John Robert Ianniello, in Miami, Florida. (PSR ¶ 22.) Between 1986 and 1987, Giattino "negotiated to sell half a kilogram net weight of marijuana" and "distributed an approximate combined total amount of

---

[1] (Def.'s Mot. for Compassionate Release ("Def.'s Mot."), Docket Entry No. 726; Def.'s Reply in Supp. of Def.'s Mot. ("Def.'s Reply"), Docket Entry No. 733.)

181 grams net weight of cocaine." (*Id.* ¶ 17.) "In addition to trafficking in narcotics," in September of 1987 and August of 1988 respectively, Giattino "took part in the murders of Phyllis Burdi and Wilfred 'Willie Boy' Johnson" under the direction of a higher-ranking authority in the Bonnano Crime Family (the "BCF"), a major organized criminal association. (*Id.* ¶¶ 16, 18–20.)

On November 5, 1992, a jury convicted Giattino on eight counts: racketeering, conspiring to commit two RICO murders, committing two RICO murders, conspiring to distribute cocaine, distributing cocaine, and using a firearm with a silencer. (*Id.* ¶¶ 1–13; J. of Conviction 1.)

At a sentencing hearing held on February 26, 1993, Judge Raggi noted that Giattino was involved in "truly heinous crimes" and that the murders of Burdi and Johnson "were committed in horrific manners," and sentenced Giattino to five concurrent life sentences, two ten-year terms of imprisonment to run concurrent with the life sentences, and one thirty-year term to run consecutive to the other counts to be followed by twenty-three years of supervised release, and ordered Giattino to pay a $200,000 fine. (Sentencing Tr. 73:3–74:7, 74:21–23; J. of Conviction 2–3, 5.)

      b. **Compassionate release application**

On February 14, 2022, Giattino renewed his application for compassionate release. (Def.'s Mot.)

In support of his motion, Giattino, who is "approaching [seventy] years of age," argues that (1) he is a high-risk inmate in light of the COVID-19 virus because he suffers from "obesity, hypertension, asthma[,] . . . diabetes, and utiliz[es] a [continuous positive airway pressure ("CPAP")] machine," (Def.'s Mot. 1, 5); (2) his punishment "was drastically different from . . . what the Government offered his co-defendants charged with murder" and he was a victim of the

3

"trial penalty" because his sentence after his jury trial was far higher than his plea offer, (*id.* at 4, 7); (3) continued incarceration at the Federal Correctional Institution in Allenwood, Pennsylvania ("FCI Allenwood Medium"), where he is being held, "will likely result in a debilitating and unnecessarily cruel decline in his physical and emotional health," (*id.* at 5); and (4) he has strong family relationships, (*id.* at 8–9), has been rehabilitated during his time in prison and has mentored others, (*id.* at 9–12), and has a "loving and close relationship with his daughter," (*id.* at 12–14), all further evidence of the "totality of circumstances" that would warrant a sentencing reduction under 18 U.S.C. § 3582.

## II. Discussion

"[O]ther than the limited exceptions provided by statutes . . . courts are not free to modify sentences at will." *United States v. Martin*, 974 F.3d 124, 135 (2d Cir. 2020); *see United States v. Friedlander*, No. 20-CR-441, 2022 WL 280800, at *1 (E.D.N.Y. Jan. 31, 2022) ("A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." (quoting *United States v. Rabuffo*, No. 16-CR-148, 2020 WL 2523053, at *1 (E.D.N.Y. May 14, 2020))). Under 18 U.S.C. § 3582(c), and as relevant here, a court may modify a previously imposed sentence where:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that —
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or

4

> (ii) the defendant is at least [seventy] years of age, has served at least [thirty] years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i)–(ii).

"Section 3582(c)(1)(A) authorizes a court to reduce a previously imposed term of imprisonment upon finding that 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam) (same); *see also, e.g.*, *United States v. Cummings*, No. 20-CR-3156, 2021 WL 4142844, at *1 (2d Cir. Sept. 13, 2021) (same); *United States v. DiBiase*, 857 F. App'x 688, 688–89 (2d Cir. 2021) (same); *United States v. Fernandez*, 853 F. App'x 730, 731–32 (2d Cir. 2021) (same); *United States v. Roney*, 833 F. App'x 850, 852 (2d Cir. 2020) (same). "A court deciding a compassionate release motion can consider 'the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it].'" *Keitt*, 21 F.4th at 71 (alteration in original) (quoting *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020)); *Jones*, 17 F.4th at 374 n.3 ("[D]istrict courts are not confined to those reasons set forth by the [Bureau of Prisons] Director in evaluating compassionate release motions brought by defendants and instead are free 'to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them.'" (quoting *Brooker*, 976 F.3d at 235–37)); *United States v. Souza*, No. 20-3829, 2021 WL 3871262, at *1 (2d Cir. Aug. 31, 2021) ("[T]he Sentencing Commission's

5

policy statements do not 'constrain district courts' discretion to consider whether any reasons are extraordinary and compelling.'" (quoting *Brooker*, 976 F.3d at 236)).

However, "there are three requirements that must be satisfied before a court can grant such relief" — namely, (1) "absent waiver or forfeiture by the government, an inmate must exhaust administrative remedies by requesting such relief from prison authorities"; (2) "a court must 'consider[] the factors set forth in [section] 3553(a) to the extent that they are applicable'"; and (3) "the inmate must demonstrate that his proffered circumstances are indeed 'extraordinary and compelling' such that, in light of these [section] 3553(a) factors, a sentence reduction is justified under [section] 3582(c)(1)(A) and would not simply constitute second-guessing of the sentence previously imposed."[2] *Keitt*, 21 F.4th at 71 (alterations in original) (quoting 18 U.S.C. § 3582(c)(1)(A)); *see United States v. Davis*, No. 21-716, 2022 WL 1320316, at *2 (2d Cir. May 3, 2022) (citing *Keitt*, 21 F.4th at 71)). "[W]hen a district court denies a defendant's motion under [section] 3582(c)(1)(A) in sole reliance on the applicable [section] 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction." *Keitt*, 21 F.4th at 73; *see Jones*, 17 F.4th at 374 (noting that because "extraordinary and compelling reasons are necessary — but not sufficient — for a defendant to obtain relief . . . , panels of this [c]ourt have, in non-precedential summary orders, assumed the[ir] existence . . . but held that a district court's 'reasonable evaluation of the [applicable] [s]ection 3553(a) factors' is 'an alternative and independent basis for denial of compassionate release'" (quoting *United States v. Robinson*, 848 F. App'x 477, 478 (2d Cir. 2021))); *see also, e.g.*, *United States v. Cherry*, No. 21-913, 2022 WL

---

[2] The Government does not argue that Giattino did not exhaust his administrative remedies. (*See generally* Def.'s Mot; Gov't's Opp'n.)

6

1210663, at *2 (2d Cir. Apr. 25, 2022) ("[S]ection 3582(c) permits a district court to reduce a sentence only if, '*after* considering the factors set forth in section 3553(a),' it 'finds that extraordinary and compelling reasons warrant such a reduction.' Thus, . . . a finding that the section 3553(a) factors disfavor early release is independently sufficient to deny a compassionate-release motion. . . .'" (first quoting 18 U.S.C. § 3582(c)(1)(A); and then citing *Keitt*, 21 F.4th at 73)); *Souza*, 2021 WL 3871262, at *2 (affirming ruling that "even if [a defendant]'s medical conditions demonstrated extraordinary and compelling reasons for release, 'the factors set forth in [section 3553(a)] militate toward continued confinement'" (quoting *United States v. Bolino*, No. 06-CR-806, 2020 WL 4749807, at *2 (E.D.N.Y. Aug. 17, 2020))); *Roney*, 833 F. App'x at 853 ("We need not decide whether [the appellant] has proffered an extraordinary and compelling reason that warrants his release . . . because, even assuming *arguendo* that he has, we discern no abuse of discretion in the district court's conclusion that release is nevertheless unwarranted upon consideration of the [section] 3553(a) factors."). Thus, "a finding that the section 3553(a) factors disfavor early release is independently sufficient to deny a compassionate-release motion, regardless of the presence of any 'extraordinary and compelling reasons.'" *Cherry*, 2022 WL 1210663, at *2 (quoting *Keitt*, 21 F.4th at 73); *see United States v. Mattes*, No. 20-CR-2349, 2022 WL 260395, at *2 (2d Cir. Jan. 28, 2022) ("[A] district court's reasonable evaluation of the [s]ection 3553(a) factors is an alternative and independent basis for denial of compassionate release." (quoting *Jones*, 17 F.4th at 374)).

Giattino argues that his "release following nearly [thirty] years of incarceration satisfies the . . . factors set forth in [section] 3553(a)," (Def.'s Reply 3), due to the length of his sentence in view of the ten years he would have served through a plea bargain, the sentences served by his co-defendants, and the "trial penalty" he allegedly faced; his age and serious medical conditions;

7

the productive and responsible conduct that he has had while incarcerated; and his strong family support, (Def.'s Mot. 5–15).

The Government argues that the section 3553(a) factors militate against early release. (Gov't's Opp'n 7–10.)

The requested relief is inconsistent with the section 3553(a) factors. *See Roney*, 833 F. App'x at 853 (affirming denial of compassionate release where the district court had weighed the defendant's "serious medical conditions," the "seriousness of his offense conduct," and "the need for his original sentence to remain in place to promote respect for the law and to provide just punishment," among other section 3553(a) factors). While Giattino argues that he received a longer sentence than his co-defendants, (Def.'s Reply 5), the Court does not find this to be a basis for reducing Giattino's sentence. *See United States v. Roman*, No. 21-CR-185, 2022 WL 363909, at *1 (2d Cir. Feb. 8, 2022) (affirming denial of compassionate release motion and stating that there is "no requirement that a district court consider or explain sentencing disparities among co[-]defendants" (quoting *United States v. Alcius*, 952 F.3d 83, 89 (2d Cir. 2020) (per curiam))); *United States v. Bryant*, 976 F.3d 165, 180 (2d Cir. 2020) ("[T]here is no requirement to consider a disparity with a co-defendant's sentence." (citing *Alcius*, 952 F.3d at 89)); *United States v. Clinton*, 820 F. App'x 34, 37 (2d Cir. 2020) ("We also disagree with [the defendant's] contention that the [d]istrict [c]ourt [erred by] fail[ing] to consider sentencing disparities between [the defendant] and his co-defendants. We have repeatedly held that a district court is not required to consider such disparities."); *Alcius*, 952 F.3d at 89 ("[T]here is no requirement that a district court consider or explain sentencing disparities among co[-]defendants."); *United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008) (holding that district courts are not required "to consider disparities between co-defendants"). Further, to the extent that Defendant relies on

8

other district court decisions granting compassionate release to defendants whom he believes to be similarly situated, these cases are non-binding, and Giattino has not shown that his sentence creates unwarranted sentencing disparities in light of the intensely fact-specific rulings in those cases. (Def.'s Mot 15–18; Gov't's Opp'n 9); *see United States v. Brown*, No. 21-122, 2021 WL 5872940, at *2 (2d Cir. Dec. 13, 2021) ("To the extent that [the defendant] relies on district court decisions granting compassionate release to defendants he deems to be similarly situated . . . those cases are non-binding.").

The Court is also unpersuaded by Giattino's additional argument that he suffered a "trial penalty" for not accepting his plea bargain, (Def.'s Mot. 7); *see United States v. Bennett*, 252 F.3d 559, 562 n.5 (2d Cir. 2001) ("[T]he lower sentence after a guilty plea reflects a 'reduction from a sentencing norm ascertained independent of the procedure by which guilt is ascertained. A sentence imposed upon a defendant who stands trial is that norm; it is not an enhancement above the norm as a cost of standing trial.'" (quoting *United States v. Cruz*, 977 F.2d 732, 734 (2d Cir. 1992))); *United States v. Cruz*, 156 F.3d 366, 374 (2d Cir. 1998) (collecting cases supporting the practice of the Government offering a plea with a lower sentence); *United States v. Lorenzano*, No. 03-CR-1256, 2021 WL 734984, at *4 (S.D.N.Y. Feb. 24, 2021) (denying motion for compassionate release where the defendant asserted that "he was unfairly punished for exercising his right to a jury trial and refusing to plead guilty along with his co-defendants").

Further, although the Court takes seriously the threat posed by the pandemic to incarcerated individuals and the heightened risk of complications faced by individuals, such as Giattino, with "serious medical conditions that make [them] vulnerable to more serious illness from COVID-19," (Def.'s Reply 2), Giattino's medical conditions do not warrant reducing his sentence. *See United States v. DiMartino*, No. 21-CR-81, 2022 WL 761511, at *1 (2d Cir. Mar.

9

14, 2022) (affirming denial of compassionate release where defendant suffered from "asthma, hypertension, obesity, sleep apnea, heart disease, and high cholesterol" and alleged that this put him "at a higher risk of complications from COVID-19"). In addition, Giattino is vaccinated against COVID-19, (Def.'s Mot. 5), and the Court is not aware of any COVID-19 cases among inmates and staff at FCI Allenwood Medium, (Gov't's Opp'n 3; Federal Bureau of Prisons, *Covid-19 Cases*, (last visited July 26, 2022), https://www.bop.gov/coronavirus); *see United States v. Hunter*, No. 21-1773, 2022 WL 2288688, at *2 (2d Cir. June 24, 2022) (affirming denial of compassionate release where defendant had "underlying medical conditions" but was "protected against the COVID-19 pandemic with two doses of the . . . vaccine" and noting that "the vaccine remains a highly effective means of preventing the most severe effects of COVID-19" (collecting cases)); *United States v. Patel*, No. 21-1746, 2022 WL 1634454, at *2 (2d Cir. May 24, 2022) ("[B]ecause [the defendant] has now been vaccinated, any risk of severe illness from COVID-19 has been substantially decreased." (citations omitted)); *United States v. Jeffries*, No. 14-CR-6001, 2022 WL 2036331, at *1 (W.D.N.Y. June 7, 2022) ("Furthermore, . . . [the defendant] has been twice vaccinated for the virus and that fact alone warrants dismissal of this motion."); *United States v. Reiter*, No. 87-CR-132, 2021 WL 1424332, at *7–8 (S.D.N.Y. Apr. 15, 2021) (noting that obesity put defendant at increased risk of severe illness from COVID-19 but that the risk was reduced because the defendant was vaccinated and the spread of the virus at his facility was controlled).

In addition, the Court acknowledges and applauds Giattino's "rehabilitation in the face of a life sentence" and his mentorship to other inmates, (Def.'s Reply 2–3), his good conduct in prison, (*id.*), his ability to maintain strong and close relationships with his family, particularly his daughter, (*id.*), and his support network and reentry plan, (*id.*). Nevertheless, the section 3553(a)

factors do not warrant a modification of Giattino's sentence in light of the seriousness of his offenses. Giattino committed two heinous murders using guns equipped with silencers and trafficked narcotics as a devout member of BCF. (*See* PSR ¶¶ 16–22; Gov't's Opp'n 2.) During sentencing, Judge Raggi acknowledged the "evidence about truly heinous crimes" and "murders that were committed in horrific manners." (Sentencing Tr. 73:3–6.) The life sentence that Judge Raggi imposed when considering "the horrible crimes committed," (*id.* at 73:8–14), plainly "reflect[s] the seriousness of the offense, . . . promote[s] respect for the law, and . . . provide[s] just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A); *see United States v. Robinson*, No. 21-CR-1865, 2022 WL 2204126, at *3 (2d Cir. June 21, 2022) (holding that the district court did not abuse its discretion in finding that the defendant's "rehabilitation . . . was insufficient to justify relief"); *United States v. Vaughn*, No. 21-CR-1984, 2022 WL 2203857, at *1 (2d Cir. June 21, 2022) (affirming denial of compassionate release where district court "considered [the defendant's] medical condition exposing him to risk from COVID-19, his good behavior while incarcerated, and the support he will receive from his spouse upon release" but "nonetheless reasonably concluded that reducing [the defendant's] sentence by more than six years was unwarranted"); *United States v. Garcia*, No. 21-CR-1181, 2022 WL 2154675, at *2 (2d Cir. June 15, 2022) (affirming denial of compassionate release where district court acknowledged the defendant's commitment to rehabilitation but concluded that his criminal history and seriousness of his crime counseled against release); *United States v. Reyes*, No. 20-3285, 2022 WL 1669388, at *1 (2d Cir. May 26, 2022) (affirming denial of compassionate release where the "court acknowledged [the defendant's] efforts toward rehabilitation, [but] nevertheless found that the section 3553(a) factors weighed heavily against a sentence reduction" in light of the defendant's conduct); *United States v. Williams*, No. 22-4156, 2022 WL 1554649, at *2 (2d Cir. May 17,

11

2022) (affirming denial of compassionate release where "[t]he district court held that [the defendant] was not entitled to a sentence reduction under the [section] 3553(a) factors because of the seriousness of his offenses and because the danger to the community outweighed any rehabilitative attempts, given the severity of his offenses which included murder, distributing drugs, and participating in a gang"); *United States v. Stinson*, No. 20-CR-3744, 2021 WL 5499478, at *1 (2d Cir. Nov. 24, 2021) (affirming denial of compassionate release where the district court noted the defendant's rehabilitation and "positive contributions" to try to mentor other individuals and specifically young people to "get their lives on track once they get out"); *Cummings*, 2021 WL 4142844, at *2 ("While we commend [the defendant] for his efforts at self-improvement while incarcerated, we conclude that the [d]istrict [c]ourt did not abuse its discretion when it considered these points and still found that the [s]ection 3553(a) factors weighed against release.").

 While the Court appreciates Giattino's efforts at building relationships with prison staff and counselors, mentoring and supporting other inmates, maintaining cohesive family relationships, and demonstrating remorse for his past actions, the nature and seriousness of Giattino's crimes support his continued detention under the 3553(a) factors.

### III. Conclusion

Accordingly, for the reasons explained above, the Court denies Giattino's motion for compassionate release.

Dated: July 26, 2022
      Brooklyn, New York

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

13