Clerk's Office
Filed Date: 7/31/23

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES OF AMERICA,

                          v.

VINCENT GIATTINO,

                  Defendant.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
90-CR-424 (MKB)

MARGO K. BRODIE, United States District Judge:

On November 5, 1992, a jury convicted Defendant Vincent Giattino on eight counts: racketeering, conspiring to commit two murders subject to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C § 1961 *et seq.*, committing two RICO murders, conspiring to distribute cocaine, distributing cocaine, and using a firearm with a silencer, (J. of Conviction 1, Docket Entry No. 270; Presentence Investigation Report ("PSR") 4–5, Docket Entry No. 716).  On February 26, 1993, Judge Reena Raggi sentenced Giattino to five concurrent life sentences, two ten-year terms of imprisonment to run concurrent with the life sentences, and one thirty-year term to run consecutive to the other counts to be followed by five years of supervised release, and ordered Giattino to pay a $200,000 fine, (J. of Conviction 2–3, 5; Sent'g Hr'g Tr. dated Feb. 26, 1993 ("Sent'g Tr.") 73:15–74:7, 74:21–23, Docket Entry Nos. 295, 710).

On November 25, 2022, Giattino filed a third motion for compassionate release, seeking a reduction of his life sentence to thirty-five years.[1]  In support, Giattino argues that in a recent decision by Judge Frederic Block of the Eastern District of New York, the life sentences for two

---

[1] (Def.'s Mot. for Compassionate Release ("Def.'s Mot."), Docket Entry No. 735; Def.'s Reply in Supp. of Def.'s Mot. ("Def.'s Reply"), Docket Entry No. 744.)

other defendants were reduced to thirty-five years, and that his should be similarly reduced. (Def.'s Mot. 1–5.) Giattino also argues that the totality of his circumstances point to the existence of extraordinary and compelling reasons for a reduction in his sentence and that a reduction in his sentence would be consistent with the purposes and objectives of 18 U.S.C. § 3553(a). (*Id.* at 5–9.)

For the reasons discussed below, the Court denies Giattino's renewed motion for compassionate release.

I. **Background**

   a. **Investigation, conviction, and sentencing**

Between 1986 and 1987, Giattino "negotiated to sell half a kilogram net weight of marijuana" and "distributed an approximate combined total amount of 181 grams net weight of cocaine." (PSR ¶ 17.) "In addition to trafficking in narcotics," in September of 1987 and August of 1988 respectively, Giattino "took part in the murders of Phyllis Burdi and Wilfred 'Willie Boy' Johnson" under the direction of a higher-ranking authority in the Bonnano Crime Family (the "BCF"), a major organized criminal association. (*Id.* ¶¶ 16, 18–20.) On July 29, 1991, agents of the Federal Bureau of Investigation arrested Giattino in Miami, Florida, and found him in possession of false identification documents with the name John Robert Ianniello. (*Id.* ¶ 22.)

On November 5, 1992, a jury convicted Giattino on eight counts: racketeering, conspiring to commit two RICO murders, committing two RICO murders, conspiring to distribute cocaine, distributing cocaine, and using a firearm with a silencer. (*Id.* ¶¶ 1–13; J. of Conviction 1.)

At a sentencing hearing held on February 26, 1993, Judge Raggi noted that Giattino was involved in "truly heinous crimes" and that the murders of Burdi and Johnson "were committed in horrific manners," and sentenced Giattino to five concurrent life sentences, two ten-year terms

2

of imprisonment to run concurrent with the life sentences, and one thirty-year term to run consecutive to the other counts to be followed by five years of supervised release, and ordered Giattino to pay a $200,000 fine.  (Sent'g Tr. 73:3–74:7, 74:21–23; J. of Conviction 2–3, 5.)

      **b.  Prior compassionate release applications**

On September 2, 2020, Giattino filed a motion for compassionate release seeking a modification of his sentence, immediate release to home confinement, and supervised release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (First Mot. for Compassionate Release, Docket Entry No. 711.)  By Order dated November 19, 2020, the Court denied Giattino's motion (the "November 2020 Decision").  (Nov. 2022 Decision, Docket Entry No. 723.)  On February 14, 2022, Giattino filed a second motion, seeking immediate release or reduction of his sentence.  (Second Mot. for Compassionate Release, Docket Entry No. 726.)  By Order dated July 26, 2022, the Court denied Giattino's motion ("July 2022 Decision").  (July 2022 Decision, Docket Entry No. 734.)

      **c.  Current compassionate release application**

On November 25, 2022, Giattino filed a third application for compassionate release, four months after the Court denied his second application.  (Def.'s Mot.)

In support of his motion, Giattino argues that (1) Judge Block's decision in *United States v. Russo*, Nos. 92-CR-351, 90-CR-1063, 2022 WL 17247005 (E.D.N.Y. Nov. 28, 2022), in which Judge Block granted early release to two defendants convicted of violent crimes supports his motion for a reduced sentence, (Def.'s Mot. 1–3); (2) the totality of circumstances that he has undergone point to the existence of extraordinary and compelling reasons that warrant a sentence reduction (*id.* at 3–5); (3) a reduction of his life sentence to thirty-five years is consistent with the purposes and objectives of 18 U.S.C. § 3553(a), (*id.* at 5–8); (4) additional information related to

3

the murders of Burdi and Johnson support a reduced sentence, (Def.'s Reply 1–4); (5) other courts have reduced life sentences of those convicted of violent crimes and murders as part of organized crime and with "far greater culpability" than him, (*id.* at 4–8); and (6) sentencing disparities compel a reduction in his sentence, (*id.* at 8–9).

The government opposes the motion arguing that Giattino's motion contains no new facts or controlling law to justify the reversal of the Court's July 2022 Decision, and that Judge Block's decision in a separate case does not overcome the weight of the sentencing factors in 18 U.S.C. § 3553(a) or the absence of "extraordinary and compelling reasons" to warrant his early release. (Gov't Opp'n to Def.'s Mot. ("Gov't Opp'n") 1–7, Docket Entry No. 738.)

## II. Discussion

### a. Standard of review

"[O]ther than the limited exceptions provided by statutes . . . courts are not free to modify sentences at will." *United States v. Martin*, 974 F.3d 124, 135 (2d Cir. 2020); *see United States v. Friedlander*, No. 20-CR-441, 2022 WL 280800, at *1 (E.D.N.Y. Jan. 31, 2022) ("A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." (quoting *United States v. Rabuffo*, No. 16-CR-148, 2020 WL 2523053, at *1 (E.D.N.Y. May 14, 2020))). "A district court may, in an exercise of its discretion, reduce an inmate's term of imprisonment by granting a motion brought under 18 U.S.C. § 3582(c)(1)(A) — the 'compassionate release' provision." *United States v. Van Der End*, No. 21-2079-CR, 2023 WL 193633, at *1 (2d Cir. Jan. 17, 2023). "[T]here are three requirements that must be satisfied before a court can grant such relief" — namely, (1) "absent waiver or forfeiture by the government, an inmate must exhaust administrative remedies by requesting such relief from prison authorities"; (2) "a court must 'consider[] the factors set forth in [section] 3553(a) to the

4

extent that they are applicable'"; and (3) "the inmate must demonstrate that his proffered circumstances are indeed 'extraordinary and compelling' such that, in light of these [section] 3553(a) factors, a sentence reduction is justified under [section] 3582(c)(1)(A) and would not simply constitute second-guessing of the sentence previously imposed."[2] *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam) (alterations in original) (quoting 18 U.S.C. § 3582(c)(1)(A)); *see also, e.g.*, *United States v. Davis*, No. 21-716, 2022 WL 1320316, at *2 (2d Cir. May 3, 2022) (citing *Keitt*, 21 F.4th at 71); *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam); *United States v. Cummings*, No. 20-CR-3156, 2021 WL 4142844, at *1 (2d Cir. Sept. 13, 2021); *United States v. DiBiase*, 857 F. App'x 688, 688–89 (2d Cir. 2021); *United States v. Fernandez*, 853 F. App'x 730, 731–32 (2d Cir. 2021); *United States v. Roney*, 833 F. App'x 850, 852 (2d Cir. 2020).

"A court deciding a compassionate release motion can consider 'the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it].'" *Keitt*, 21 F.4th at 71 (alteration in original) (quoting *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020)); *Jones*, 17 F.4th at 374 n.3 ("[D]istrict courts are not confined to those reasons set

---

[2] "The statute sets out a fourth requirement: that the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Keitt*, 21 F.4th 67, 71 n.2 (2d Cir. 2021) (per curiam) (quoting 18 U.S.C. § 3582(c)(1)(A)). However, the Second Circuit has "held that, at present, the policy statement governing compassionate release — U.S.S.G. § 1B1.13 — governs only motions brought by the Director of the Bureau of Prisons, not those brought directly by inmates." *Id.* (citing *United States v. Brooker*, 976 F.3d 228, 236–37 (2d Cir. 2020)). The Sentencing Commission has adopted an amendment, effective November 1, 2023, to U.S.S.G. § 1B1.13 to reflect that 18 U.S.C. § 3582(c)(1)(A) authorizes a defendant to file a motion seeking a sentence reduction. *See* Adopted Amendments (Effective November 1, 2023) to the Federal Sentencing Guidelines 1, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 ("Section 1B1.13 is amended — by inserting at the beginning the following new heading: "(a) In General.—"; by striking "Bureau of Prisons under" and inserting "Bureau of Prisons or the defendant pursuant to. . . .").

forth by the [Bureau of Prisons] Director in evaluating compassionate release motions brought by defendants and instead are free 'to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them.'" (quoting *Brooker*, 976 F.3d at 235–37)); *United States v. Souza*, No. 20-3829, 2021 WL 3871262, at *1 (2d Cir. Aug. 31, 2021) ("[T]he Sentencing Commission's policy statements do not 'constrain district courts' discretion to consider whether any reasons are extraordinary and compelling.'" (quoting *Brooker*, 976 F.3d at 236)).

However, if a defendant cannot satisfy the applicable section 3553(a) sentencing factors, then a district court "need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction." *Van Der End*, 2023 WL 193633, at *1 (quoting *Keitt*, 21 F.4th at 73); *see Jones*, 17 F.4th at 374 (noting that because "extraordinary and compelling reasons are necessary — but not sufficient — for a defendant to obtain relief . . . , panels of this [c]ourt have, in non-precedential summary orders, assumed the[ir] existence . . . but held that a district court's 'reasonable evaluation of the [applicable] [s]ection 3553(a) factors' is 'an alternative and independent basis for denial of compassionate release'" (quoting *United States v. Robinson*, 848 F. App'x 477, 478 (2d Cir. 2021))); *see also, e.g.*, *United States v. Cherry*, No. 21-913, 2022 WL 1210663, at *2 (2d Cir. Apr. 25, 2022) ("[S]ection 3582(c) permits a district court to reduce a sentence only if, '*after* considering the factors set forth in section 3553(a),' it 'finds that extraordinary and compelling reasons warrant such a reduction.' Thus, . . . a finding that the section 3553(a) factors disfavor early release is independently sufficient to deny a compassionate-release motion . . . .'" (first quoting 18 U.S.C. § 3582(c)(1)(A); and then citing *Keitt*, 21 F.4th at 73)); *Souza*, 2021 WL 3871262, at *2 (affirming ruling that "even if [a defendant]'s medical conditions demonstrated

6

extraordinary and compelling reasons for release, 'the factors set forth in [section 3553(a)] militate toward continued confinement'" (quoting *United States v. Bolino*, No. 06-CR-806, 2020 WL 4749807, at *2 (E.D.N.Y. Aug. 17, 2020))); *Roney*, 833 F. App'x at 853 ("We need not decide whether [the appellant] has proffered an extraordinary and compelling reason that warrants his release . . . because, even assuming *arguendo* that he has, we discern no abuse of discretion in the district court's conclusion that release is nevertheless unwarranted upon consideration of the [section] 3553(a) factors."); *United States v. Mattes*, No. 20-CR-2349, 2022 WL 260395, at *2 (2d Cir. Jan. 28, 2022) ("[A] district court's reasonable evaluation of the [s]ection 3553(a) factors is an alternative and independent basis for denial of compassionate release." (quoting *Jones*, 17 F.4th at 374)).

      **b.**    **The 18 U.S.C. § 3553(a) sentencing factors do not warrant a sentence reduction**

Giattino argues that Judge Block's decision in *United States v. Russo* in which Judge Block granted early release to two defendants convicted of violent crimes supports his motion for a reduced sentence. (Def.'s Mot. 1–3 (citing *Russo*, 2022 WL 17247005).) In support, he argues that Judge Block reduced the life sentences of Anthony Russo and Paul Moore, two defendants with similar organized crime backgrounds to Giattino, to thirty-five years' imprisonment and therefore, the Court should grant Giattino similar relief. (*Id.* at 1–3.) In addition, Giattino argues that newly discovered information related to the murders of Burdi and Johnson support a reduced sentence. (Def.'s Reply 1–4.) In support, Giattino contends that "[m]ultiple interviews with former underboss or 'second in command' of the Gambino family and Government cooperator, Salvatore 'Sammy the Bull' Gravano, has yielded new facts that this Court should consider," including that Giattino "did not directly participate in either murder and shoot and kill Burdi or Johnson," nor "was he involved in the organizing or planning of either murder." (*Id.* at 1–4.)

7

Giattino also argues that the totality of circumstances that he has undergone point to the existence of extraordinary and compelling reasons including "the 30 years of incarceration that he has served," "the harsh duration of his sentence," his "remarkable record of rehabilitation and good conduct in prison given his life sentence, and extremely low risk of recidivism," "service and mentorship to others," "strong family relationships," "dedication and commitment to his daughter," "support network and reentry plan," "age and serious medical conditions that make him vulnerable to more serious illness from COVID-19, and the deterioration of his health that will undoubtedly occur over the course of his life sentence given the aging process and effects of long-term incarceration," and "harsh and brutal conditions that he has suffered in prison during the pandemic." (Def.'s Mot. 3–4.) He further argues that a reduction of his life sentence to thirty-five years "is consistent with the purposes and objectives of 18 U.S.C. § 3553(a)." (*Id.* at 5–8.) Lastly, Giattino argues that other courts have reduced life sentences of those convicted of violent crimes and murders as part of organized crime and with "far greater culpability," (Def.'s Reply 4–8); and that sentencing disparities compel a reduction in Giattino's sentence, (*id.* at 8–9).

The Government argues that the Court should deny Giattino's motion because he presents no new evidence or controlling law. (Gov't Opp'n 2–3.) In support, the Government argues that *Russo* is not controlling law because it was issued by a district court in this circuit and that in any event, *Russo* is not applicable to or persuasive as to the facts of this case.[3] (*Id.*) In addition,

---

[3] The Government frames Giattino's compassionate release motion as a motion for reconsideration, however the Court notes that Giattino does not indicate that his motion is for reconsideration of the Court's July 2022 Decision. Therefore, the Court considers the motion as a new motion for compassionate release.

the Government argues that the section 3553(a) factors militate against early release. (*Id.* at 3–6.)

*Russo* is not binding on the Court. As the Court stated in the July 2022 Decision, "to the extent that Defendant relies on other district court decisions granting compassionate release to defendants whom he believes to be similarly situated, these cases are non-binding, and Giattino has not shown that his sentence creates unwarranted sentencing disparities in light of the intensely fact-specific rulings in those cases." (July 2022 Decision 8–9.) *Russo*, and other district court cases cited by Giattino, (*see* Def.'s Reply 4–6), present different factual circumstances than the ones present in this case. *See United States v. Brown*, No. 21-122, 2021 WL 5872940, at *2 (2d Cir. Dec. 13, 2021) (finding that defendant's reliance on "district court decisions granting compassionate release to defendants he deems to be similarly situated" was unavailing because those cases were "non-binding" and "present[ed] different factual circumstances"); *cf. United States v. Rigas*, 583 F.3d 108, 116 (2d Cir. 2009) ("[A] District Court must make an individualized assessment based on all the sentencing factors in § 3553(a).").

In addition, the Court does not find the additional information regarding Giattino's murder convictions compelling. As an initial matter, Giattino raises this argument for the first time in his reply brief, but the Court need not consider new arguments made in a reply brief. *See United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003) ("We will not consider an argument raised for the first time in a reply."); *United States v. Maciejewski*, 70 F. Supp. 2d 129, 137 (N.D.N.Y. 1999), *aff'd sub nom. United States v. Best*, 219 F.3d 192 (2d Cir. 2000) (declining to consider new arguments made in criminal post-trial motion). Nevertheless, Giattino's additional evidentiary submission does not warrant a sentence reduction. The evidence consists of a declaration from Salvatore "Sammy the Bull" Gravano, the underboss of the Gambino crime

9

family, stating that to his knowledge, he has "never heard Vincent Giattino's name mentioned" in connection with the murders of Burdi and Johnson. (Decl. of Salvatore Gravano ("Gravano Decl.") ¶¶ 5–9, annexed as Ex. A to Def.'s Reply, Docket Entry No. 744.) Gravano's declaration regarding what he remembers hearing about murders that occurred almost thirty-five years ago does not cast doubt on Giattino's conviction. Giattino was convicted of RICO murders after an extensive jury trial and significant evidence was presented against him and his co-defendants. In addition, a jury convicted Giattino of six other serious crimes. (PSR ¶¶ 1–13; J. of Conviction 1.)

Giattino's remaining arguments were previously made in his second motion for compassionate release. The Court already addressed and rejected those arguments in its July 2022 Decision. (July 2022 Decision 8–12.) In the July 2022 Decision, the Court found that the section 3553(a) factors did not favor release, given the nature and seriousness of Giattino's offenses. (*Id.*) Giattino committed two heinous murders using guns equipped with silencers and trafficked narcotics as a devout member of Bonnano Crime Family. (*See* PSR ¶¶ 16–22; Gov't's Opp'n 2.) During sentencing, Judge Raggi acknowledged the "evidence about truly heinous crimes" and "murders that were committed in horrific manners." (Sent'g Tr. 73:3–6.) The life sentence that Judge Raggi imposed when considering "the horrible crimes committed," (*id.* at 73:8–10), plainly "reflect[s] the seriousness of the offense, . . . promote[s] respect for the law, and . . . provide[s] just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A); *see United States v. Robinson*, No. 21-CR-1865, 2022 WL 2204126, at *3 (2d Cir. June 21, 2022) (holding that the district court did not abuse its discretion in finding that the defendant's "rehabilitation . . . was insufficient to justify relief"); *United States v. Vaughn*, No. 21-CR-1984, 2022 WL 2203857, at *1 (2d Cir. June 21, 2022) (affirming denial of compassionate release where district court

10

"considered [the defendant's] medical condition exposing him to risk from COVID-19, his good behavior while incarcerated, and the support he will receive from his spouse upon release" but "nonetheless reasonably concluded that reducing [the defendant's] sentence by more than six years was unwarranted"); *United States v. Garcia*, No. 21-CR-1181, 2022 WL 2154675, at *2 (2d Cir. June 15, 2022) (affirming denial of compassionate release where district court acknowledged the defendant's commitment to rehabilitation but concluded that his criminal history and seriousness of his crime counseled against release); *United States v. Reyes*, No. 20-3285, 2022 WL 1669388, at *1 (2d Cir. May 26, 2022) (affirming denial of compassionate release where the "court acknowledged [the defendant's] efforts toward rehabilitation, [but] nevertheless found that the section 3553(a) factors weighed heavily against a sentence reduction" in light of the defendant's conduct); *United States v. Williams*, No. 22-4156, 2022 WL 1554649, at *2 (2d Cir. May 17, 2022) (affirming denial of compassionate release where "[t]he district court held that [the defendant] was not entitled to a sentence reduction under the [section] 3553(a) factors because of the seriousness of his offenses and because the danger to the community outweighed any rehabilitative attempts, given the severity of his offenses which included murder, distributing drugs, and participating in a gang"); *United States v. Stinson*, No. 20-CR-3744, 2021 WL 5499478, at *1 (2d Cir. Nov. 24, 2021) (affirming denial of compassionate release where the district court noted the defendant's rehabilitation and "positive contributions" to try to mentor other individuals and specifically young people to "get their lives on track once they get out"); *Cummings*, 2021 WL 4142844, at *2 ("While we commend [the defendant] for his efforts at self-improvement while incarcerated, we conclude that the [d]istrict [c]ourt did not abuse its discretion when it considered these points and still found that the

11

[s]ection 3553(a) factors weighed against release."). Therefore, the Court finds that the section 3553(a) factors do not favor a sentence reduction.

### III. Conclusion

Accordingly, the Court denies Giattino's motion for compassionate release.

Dated: July 31, 2023
      Brooklyn, New York

SO ORDERED:

    /s/ MKB
MARGO K. BRODIE
United States District Judge